620 A.2d 516

## COMMONWEALTH of Pennsylvania

v.

## Thelbert O. LEWIS, Appellant.

Superior Court of Pennsylvania.

Argued Oct. 28, 1992.

Filed Feb. 12, 1993.

Petition For Allowance of Appeal Denied June 7, 1993.

Harvey L. Anderson, Philadelphia, for appellant.

Norman Gross, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before WIEAND, OLSZEWSKI, and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from judgment of sentence for second degree murder,[1] two counts of robbery,[2] criminal conspiracy[3]

1. 18 Pa.C.S.A. § 2502(b).
2. 18 Pa.C.S.A. § 3701.
3. 18 Pa.C.S.A. § 903.

and kidnapping.[4]   Appellant, Thelbert Lewis, presents the following questions for our review:

I.   Whether the Court of Common Pleas of Philadelphia had jurisdiction over the charged homicide, where the facts disclose that the homicide occurred in New York, and no act occurred in Pennsylvania which would constitute "complicity" "solicitation or conspiracy" to commit the homicide in New York.

II.   Whether the guilty plea was voluntary where the colloquy on the plea did not include an inquiry into the basis, if any, over the jurisdiction of the charged homicide.

III.   Whether trial defense counsel rendered ineffective assistance of counsel in failing to advise Appellant of the issue of jurisdiction over the charged homicide, in threatening Appellant that he would receive the death penalty if he pressed for trial, and in failing to object to the proper delineation of the elements of felony murder as including either the completed robbery or the kidnapping as the underlying felony.

Appellant's Brief at 3.   For the reasons set forth below, we affirm.

The relevant facts in this case are as follows.   On December 3, 1985, appellant and two co-defendants stole a trailer load of beer from a Northeast Philadelphia beer distributor.   In the course of carrying out the robbery, a security guard from the beer distributorship was kidnapped by appellant and co-defendants and was taken to New York City where the men unsuccessfully attempted to sell the beer.

While appellant was selling the beer, the co-defendants took the security guard out of the trailer, strangled him to death and left his body in a dumpster in Brooklyn, New York. Later that day, the men abandoned the trailer and returned to Philadelphia.   Subsequently, appellant was arrested and charged with murder, voluntary manslaughter, two counts of robbery, criminal conspiracy and kidnapping.

4.   18 Pa.C.S.A. § 2901.

On May 4, 1987, appellant entered pleas of guilty to murder in the second degree, two counts of robbery, criminal conspiracy and kidnapping. Immediately after his plea, appellant was sentenced to life imprisonment for second degree murder to be served concurrently with his sentences of two-to-four years imprisonment for robbery and two-to-four years imprisonment for criminal conspiracy.[5] Appellant failed to file a timely appeal. However, appellant filed a petition under 42 Pa. C.S.A. § 9541 of the Post Conviction Relief Act seeking permission to file an appeal nunc pro tunc. On April 30, 1991, the trial court issued an order granting appellant the right to file a notice of appeal nunc pro tunc. Appellant filed his notice of appeal and subsequently filed post-trial motions which were denied. This timely appeal followed.

## I.

Appellant first contends that the Court of Common Pleas of Philadelphia did not have jurisdiction to try appellant on the charge of second degree murder. Specifically, appellant argues that because both the actual homicide and the plan to commit the homicide took place in New York, Pennsylvania courts are without jurisdiction. We disagree.

18 Pa.C.S.A. § 102(a)(1) provides:

*(a) General rule.*—Except as otherwise provided in this section, a person may be convicted under the law of this Commonwealth of an offense committed by his own conduct or the conduct of another for which he is legally accountable for if . . . :

(1) the conduct which is an element of the offense or the result which is such an element occurs in this Commonwealth.

.    .    .    .    .

*Id.*

18 Pa.C.S.A. § 2502(b) defines second degree murder as follows:

5. The charge of kidnapping and one of the robbery charges merged with the charge of second degree murder for sentencing purposes.

A criminal homicide constitutes murder of the second degree when it is committed while defendant was engaged as a principal or an accomplice in the perpetration of a felony. *Id.*

In the instant action, the homicide occurred in furtherance of the robbery of the trailer of beer. Although the actual homicide occurred in New York, a necessary element of appellant's second degree murder charge, the robbery of the trailer, took place in Philadelphia. Hence, the Court of Common Pleas of Philadelphia had jurisdiction over appellant's second degree murder charge.

## II.

■ Appellant next contends that since he was uncertain whether the trial court had jurisdiction over the homicide and the plea colloquy failed to include an inquiry into the basis of the trial court's jurisdiction, appellant's guilty plea to the charge of second degree murder was involuntary. We disagree.

After carefully reviewing the record and the parties' briefs, we find that the trial court has adequately addressed these issues in its well-reasoned opinion. Accordingly, we resolve these issues for the reasons stated therein.

## III.

Finally, appellant contends that trial counsel was ineffective for failing to advise appellant of the lack of jurisdiction over the homicide, for threatening appellant that he would receive the death penalty if the case went to trial and for failing to object to the trial court's predicating the felony murder on either the robbery or the kidnapping. Appellant's arguments are without merit.

■ In order to prevail on a claim of ineffectiveness, appellant must establish the following:

We inquire first whether the underlying claim is of arguable merit; that is, whether the disputed action or omission by counsel was of questionable legal soundness. If so, we ask

whether counsel had any reasonable basis for the questionable action or omission which was designed to effectuate his client's interest. If he did, our inquiry ends. If not, the appellant will be granted relief if he also demonstrates that counsel's improper course of conduct worked to his prejudice, i.e., had an adverse effect on the outcome of the proceedings.

*Commonwealth v. Davis,* 518 Pa. 77, 83, 541 A.2d 315, 318 (1988).

█ Appellant first argues that trial counsel was ineffective for failing to advise appellant of the uncertainty of the trial court's jurisdiction. However, since the trial court did have jurisdiction over the homicide, trial counsel had no obligation to raise the issue of jurisdiction with appellant.

█ Next, appellant contends that trial counsel was ineffective by "focusing" on the death penalty in advising appellant to plead guilty, thereby improperly coercing appellant's guilty plea. We disagree. It is well-settled that "[t]he fact that appellant may not have pleaded guilty but for the opportunity to avoid the death penalty is insufficient to demonstrate the invalidity of the plea where counsel's advice that the plea would be to appellant's advantage was competent." *Commonwealth v. Chumley,* 482 Pa. 626, 647, 394 A.2d 497, 508 (1978), *cert. denied,* 440 U.S. 966, 99 S.Ct. 1515, 59 L.Ed.2d 781 (1979).

Appellant's counsel had a reasonable basis to believe that if the case proceeded to trial, appellant might be convicted of first degree murder and that if so, the Commonwealth would request a penalty of death.[6] Moreover, there was an overwhelming amount of evidence supporting the charges of second degree murder, robbery, conspiracy and kidnapping. In

---

6. At appellant's plea colloquy, appellant's counsel stated the following:
   I became aware this past Friday of negotiations that other lawyers for the codefendants were in the process of, which would have put those two people to testify against my client, if [the case went to trial.] I also became aware ... on the statement of co-counsel that they would then seek the death penalty against my client.
   N.T., May 4, 1987, at 10–11.

light of the circumstances, the advice of appellant's counsel to take the plea was competent and reasonable.

■ Appellant further argues that trial counsel was ineffective for failing to object at the plea colloquy to the following description of the elements of the offense of second degree murder:

Third, that the killing was committed while you and other defendants were engaged in the commission of the felonies of robbery and kidnapping.

Fourth, that the act of the defendant, one acting individually or collectively or as an accomplice, killed one guard while in furtherance of either or both or all of the felonies, as the case might be.

N.T., May 4, 1987, at 5–58. This argument is spurious. The trial court's instructions at the plea colloquy properly set forth the required elements of second degree murder. Hence, appellant's counsel had no basis to object. Accordingly, we affirm judgment of sentence.

Judgment of sentence affirmed.