**COMMONWEALTH of Pennsylvania,
Appellee,**

**v.**

**Thelbert O. LEWIS, Appellant.**

Superior Court of Pennsylvania.

Submitted May 11, 1998.
Filed Oct. 2, 1998.

Jeremy C. Gelb, Philadelphia, for appellant.

Peter J. Gardner, Assistant District Attorney, Philadelphia, for Com., appellee.

Before HUDOCK, ORIE MELVIN and HESTER, JJ.

ORIE MELVIN, Judge:

Appellant, Thelbert O. Lewis, appeals from the Order dismissing his petition for collateral relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. § 9541, *et seq*[1]. Because Mr. Lewis previously filed a petition under the Post Conviction Hearing Act[2] and was merely granted a *nunc pro tunc* reinstatement of his appellate rights, we will treat this current petition as his first. Nonetheless, after a complete review of the instant claims, we find they lack merit and are not cognizable under the PCRA. For these following reasons, we affirm the trial court's dismissal of the petition.

The factual and procedural history of this case is as follows. On May 4, 1987, Mr. Lewis pled guilty to second degree (felony) murder[3], two counts of robbery[4], criminal conspiracy[5], and kidnapping.[6] He was sentenced to a mandatory term of life imprisonment for the murder conviction and concurrent prison sentences of two to four years each for one of the robbery convictions and the criminal conspiracy conviction. The

---

**1.** Act of April 13, 1988, as amended, P.L. 336, No. 47.

**2.** The Post–Conviction Hearing Act was modified in part, repealed in part, and renamed the Post – Conviction Relief Act, effective April 13, 1988.

**3.** 18 Pa.C.S.A. § 2502(b).

**4.** 18 Pa.C.S.A. § 3701.

**5.** 18 Pa.C.S.A. § 903.

**6.** 18 Pa.C.S.A. § 2901.

charge of kidnapping and the other robbery charge merged with the charge of second degree murder for the purposes of sentencing. Mr. Lewis did not file a timely appeal; however, he did file a petition under the PCHA on February 2, 1988. In his petition, he sought permission to file an appeal *nunc pro tunc.*

On April 30, 1991, the trial court issued an order granting Mr. Lewis the right to file a notice of appeal *nunc pro tunc.* Mr. Lewis filed his notice of appeal and subsequently filed Post Trial Motions, which were denied. At that time, Mr. Lewis was challenging the validity of his plea and the effective assistance of his trial counsel. This Court affirmed the judgments of sentence in a published opinion filed on February 12, 1993. *Commonwealth v. Lewis,* 423 Pa.Super. 94, 620 A.2d 516 (Pa.Super.1993).

No further action was taken until Mr. Lewis filed the instant PCRA petition on July 17, 1996.[7] Counsel was appointed and on March 11, 1997, an amended petition was filed claiming only that Mr. Lewis was entitled to receive a "minimum sentence" for his murder conviction so as to become eligible for parole. The trial court disagreed and dismissed the petition. This appeal followed.

In reviewing any post conviction relief petition, we must first determine if the petition is timely filed. Here we are faced with the unique question of whether to consider Mr. Lewis' present petition as a second or subsequent petition in light of the fact that he has already filed a PCHA petition which was necessarily filed to pursue permission to file a direct appeal *nunc pro tunc.*

█ It may appear at first glance that the petition presently before us is untimely pursuant to section 9545(b)(1) of the PCRA because this is Mr. Lewis' second post-conviction petition and because it was not filed within one year of the date that Mr. Lewis' judgment of sentence became final. However, because Mr. Lewis' first petition merely resulted in the granting of an appeal *nunc pro tunc,* we will not consider that petition as being, for our purposes, a prior PCRA petition. We reach this conclusion because Mr. Lewis' PCHA petition did not result in his receiving post-conviction relief *per se;* rather, it resulted in his receiving the right to directly appeal his judgment of sentence *nunc pro tunc.* This is a significant distinction.

The distinction can best be illustrated by reference to an analogous situation in *Commonwealth v. Thomas,* 396 Pa.Super. 92, 578 A.2d 422 (Pa.Super.1990). While we recognize that *Thomas* was decided before the recent amendments to the PCRA that imposed stricter time restraints upon the filing of PCRA petitions, it is nevertheless instructive. In *Thomas,* in order to apply the appropriate standard of review, it was necessary that we first determine whether the petition under review was the first or second.[8] In *Thomas,* as in the present case, a direct appeal was not filed. Instead, Thomas filed a *pro se* PCRA petition, and counsel was appointed to represent him. The PCRA court found no merit to Thomas' petition. Counsel filed a notice of appeal to this Court, but the appeal was dismissed without prejudice due to counsel's failure to file an appellate brief. New counsel was appointed and filed a second PCRA petition on Thomas' behalf, which was identical in all respects to the first petition. The PCRA court again denied the second petition, citing the same grounds as the first denial. Thomas appealed. On appeal, we chose to review the matter as if we were reviewing a first PCRA petition *nunc pro tunc.* In doing so, this Court noted that the second petition merely

---

**7.** The certified record includes several PCRA petitions. There is another petition entitled "Amended PCRA Petition" filed *pro se* by Mr. Lewis on August 9, 1990. Additionally, there is a "Second Amended PCRA Petition" and a "Third Amended PCRA Petition," all filed by the first appointed PCRA counsel. Although these are listed as docket entries, they are not time-stamped or dated.

**8.** Under our Supreme Court's holding in *Commonwealth v. Lawson,* 519 Pa. 504, 513–14, 549 A.2d 107, 112 (1988), a second or subsequent post-conviction petition "may be entertained only for the purpose of avoiding a demonstrated miscarriage of justice." This high standard was only met when a petitioner demonstrated either that he was innocent of the crime or that the proceedings resulting in his conviction were so unfair that a miscarriage of justice which no civilized society could tolerate had occurred. *Commonwealth v. Williams,* 442 Pa.Super. 590, 660 A.2d 614, 618 (Pa.Super.1995).

sought review of the same matters that the first petition had raised, and that the purpose behind imposing a more stringent review upon second or subsequent petitions would not be furthered by holding Thomas to the more exacting standard.

As enunciated in *Thomas,* the purpose behind the heightened standard for second and subsequent PCRA petitions is "to discourage the exploitation of the post-conviction review process." *Thomas,* 578 A.2d at 424. Because the dismissal of Thomas' first post-conviction petition was due to counsel's failure to file a brief, and because the second petition sought to obtain review of the same issues raised but not addressed in the first appeal, the *Thomas* court found that holding him to the heightened standard would be inconsistent with the reasoning behind this Court's rulings which provide for *nunc pro tunc* relief. *Id.*

A panel of this Court has recently addressed the interplay between the policies underlying the grant of PCRA relief and the trial court's inherent ability to permit *nunc pro tunc* relief in *Commonwealth v. Hall,* 713 A.2d 650 (Pa.Super. 1998). In *Hall,* this Court recognized that there is a "potential vehicle for relief from a failure to appeal a claim outside of the framework of the P.C.R.A.," i.e., the grant of a direct appeal *nunc pro tunc. Id.* at 652. *See also Commonwealth v. Lantzy,* 712 A.2d 288, 291 (Pa.Super. 1998) (*en banc*) (holding "[i]f a defendant desires to assert that counsel's ineffective assistance deprived him of the right to appeal, causing him prejudice, but not affecting the underlying verdict or adjudication, the defendant can seek relief by requesting an appeal nunc pro tunc."). The *Hall* court acknowledged the Commonwealth's concern that our endorsement of the trial court's inherent ability to grant a *nunc pro tunc* appeal could enlarge the appellate rights of criminal defendants, but did not find merit in its argument. The Court stated:

> We do not share the Commonwealth's fear that the grant of appeal rights, *nunc*

*pro tunc,* will open another avenue for a flow of criminal appeals after just convictions, since the grant of such rights is limited to extraordinary circumstances and will be available only to defendants who have not already pursued their direct appeal rights.

*Hall, supra,* at 652.

Likewise in the present case, we do not find that by considering Mr. Lewis' current PCRA petition as if it were his first unnecessarily expands the reach of the PCRA. The circumstances surrounding Lewis' appeal are sufficiently extraordinary that the post-conviction review process is not exploited. Moreover, because of the recent amendment to § 9545, which now requires all PCRA petitions to be filed within one year of the petitioner's judgment of sentence, it will only be in a very limited number of cases that the analysis proposed herein becomes relevant.

Accordingly, we conclude that the first PCHA petition, which garnered Mr. Lewis a direct appeal *nunc pro tunc,* should not be considered a prior post-conviction petition for the purposes of § 9545. Therefore, having concluded that the instant petition is viewed as Mr. Lewis' first post-conviction petition, we find that the petition is timely under the amended PCRA. *See* Note, 42 Pa.C.S.A. § 9545.[9]

Finally, we must consider the merits of Mr. Lewis' petition and whether his claims raise cognizable issues under the PCRA. Mr. Lewis raises a solitary issue as follows:

> Is not Appellant eligible for relief under the PCRA since he has alleged that his life sentence imposed pursuant to his second degree murder conviction is violative of Pennsylvania statutory law?

Appellant's Brief at vi.

█ Mr. Lewis pleaded guilty to, *inter alia,* murder in the second degree. The trial court sentenced Lewis to a term of life imprisonment on this charge, pursuant to 18 Pa.C.S.A. § 1102(b), which states, "[a] person

---

9. The Note provides that "a petitioner whose judgment has become final on or before the effective date of this act shall be deemed to have filed a timely petition under 42 Pa.C.S. Ch. 95 Subch. B if the petitioner's first petition is filed within one year of the effective date of this act."

This petition was filed on July 17, 1996. As such, it is governed by the most recent amendments to the Post Conviction Relief Act, enacted November 17, 1995 and effective 60 days thereafter.

who has been convicted of murder of the second degree ... shall be sentenced to a term of life imprisonment." Essentially, Mr. Lewis argues that his sentence violates his "statutory right to parole eligibility" because the court failed to set a minimum sentence, citing § 9756 of the Sentencing Code which provides, in pertinent part, as follows:

> **(b) Minimum sentence.**—The court shall impose a minimum sentence of confinement which shall not exceed one-half of the maximum sentence imposed. ·
>
> **(c) Prohibition of parole.**—Except in the case of murder of the first degree, the court may impose a sentence to imprisonment without the right to parole only when:
>
> (1) a summary offense is charged;
>
> (2) sentence is imposed for nonpayment of fines or costs, or both, in which case the sentence shall specify the number of days to be served; and
>
> (3) the maximum term or terms of imprisonment imposed on one or more indictments to run consecutively or concurrently total less than 30 days.

42 Pa.C.S.A. § 9756. Mr. Lewis argues that, because he was convicted of second-degree murder, and none of the enumerated exceptions apply, the trial court should have imposed a minimum term of incarceration so as to permit his eventual eligibility for parole.

■ Two prior decisions mandate our rejection of this argument. In *Castle v. Pennsylvania Board of Probation and Parole*, 123 Pa.Cmwlth. 570, 554 A.2d 625 (Pa.Cmwlth. 1989), the Commonwealth Court was faced with a similar claim.[10]

Castle claimed that § 9756 created a statutory right to parole eligibility for life prisoners convicted of any offense other than first-degree murder, and requested that the Court order the Board of Probation and Parole to consider him for parole. After a detailed analysis implementing well-established rules of statutory construction, the Commonwealth Court rejected Castle's claim that the above-quoted statutory provisions are irreconcilable and held that Castle, who was serving a

mandatory life sentence for second-degree murder, was not eligible for parole.

In *Commonwealth v. Yount*, 419 Pa.Super. 613, 615 A.2d 1316 (Pa.Super.1992), the Superior Court adopted *Castle's* rationale. Although *Yount* deals with a first-degree murder conviction, the appellant argued that a sentence of "life imprisonment" is illegal because it does not impose a minimum term of incarceration as required by § 9756. After reviewing 42 Pa.C.S.A. § 9756 and 18 Pa. C.S.A. § 1102, this Court concluded that these two sections were clear, unambiguous, and not irreconcilably in conflict. The *Yount* court then adopted the reasoning and statutory construction utilized in *Castle, supra,* and concluded that a sentence of life imprisonment was nothing other than a mandatory minimum sentence which did not violate § 9756. Lewis is merely attempting to relitigate the issue found meritless in *Castle* and rejected in *Yount*. We are not persuaded.

■ Furthermore, Mr. Lewis' claim is not cognizable under the PCRA as it is presently written. Section 9543(a)(2)(vii) is the only provision that he could be raising and that provision specifically states that to be eligible for relief the petitioner must plead and prove by a preponderance of the evidence all of the following:

> (2) That the conviction or sentence resulted from one or more of the following: ·
>
> (vii) The imposition of a sentence greater than the lawful maximum.

While we do not find that his sentence is illegal, we can not even reach the issue because the claim is not cognizable under the PCRA. Consequently, Mr. Lewis' July 17, 1996 PCRA petition, while not time barred, was properly dismissed because it fails to allege a cognizable claim under the PCRA.

Order affirmed.

---

10. We recognize that a decision of the Commonwealth Court is not binding precedent upon this Court; however, it may be considered for its persuasive value. *Prevish v. Northwest Medical*

*Center,* 692 A.2d 192, 204 n. 7 (Pa.Super.1997), *appeal granted,* Pa., 550 Pa. 721, 706 A.2d 1213 (1998).