J-S16007-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RONALD D. WEAVER | |
| Appellant | No. 932 MDA 2014 |

Appeal from the PCRA Order April 3, 2014
In the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-MD-0000143-1984

BEFORE:  PANELLA, J., OLSON, J., and OTT, J.

MEMORANDUM BY PANELLA, J.                    **FILED MAY 07, 2015**

Appellant, Ronald D. Weaver, appeals from the order dismissing his 1997 petition pursuant to the Post Conviction Relief Act ("PCRA") for lack of jurisdiction.  We affirm.

In 1984, a jury convicted Weaver of rape, involuntary deviate sexual intercourse, corruption of the morals of a minor, indecent assault, and endangering the welfare of children.  The trial court subsequently sentenced Weaver to a term of imprisonment of 10 to 40 years.  On direct appeal, this Court affirmed Weaver's judgment of sentence, but remanded the case to the trial court for a hearing on the effectiveness of his appointed appellate counsel.  This hearing was never held, as Weaver's request to waive the

hearing in order to pursue a collateral attack on his conviction was granted by order dated January 5, 1989.[1]

Meanwhile, in 1987, Weaver filed a collateral petition pursuant to the Post Conviction Hearing Act ("PCHA"), the precursor to the PCRA. On June 3, 1994, after Weaver filed several *pro se* amendments, the PCHA court denied all relief sought by Weaver in his PCHA petition. This Court affirmed the denial, and the Supreme Court of Pennsylvania denied allowance of appeal on February 1, 1996.

On September 30, 1996, Weaver filed a petition for writ of *habeas corpus* in the United States District Court for the Middle District of Pennsylvania. The Middle District ordered that the files for Weaver's case be transferred for its review.

On January 16, 1997, Weaver filed the instant petition for relief pursuant to the PCRA *pro se*. Shortly thereafter, Weaver filed an addendum

_____

[1] This Court's order affirmed the judgment of sentence, remanded for appointment of new counsel and "an evidentiary hearing as to Appellate counsel's alleged ineffectiveness." ***Commonwealth v. Weaver***, 513 A.2d 1079 (Pa. Super. 1986) (Table) (unpublished memorandum). In the memorandum, the panel explains the remand in terms of appellate counsel's failure to include certain issues in Weaver's Rule 1925 statement of matters complained of on appeal, resulting in waiver of the issue on appeal. These issues included sufficiency of the evidence for involuntary deviate sexual intercourse, ineffectiveness of trial counsel for failing to request an alibi instruction for the jury, and ineffectiveness of trial counsel for failing to object to the admission of evidence of other crimes. On all other issues, the panel affirmed on the merits. The order line concludes with a relinquishment of jurisdiction. The Supreme Court of Pennsylvania denied Weaver's petition for allowance of appeal on December 29, 1986.

to his petition. On March 26, 1998, the PCRA court continued the PCRA petition generally, awaiting return of the case files from the Middle District. The Middle District's denial of Weaver's federal *habeas corpus* petition became final when the Supreme Court of the United States denied *certiorari* on May 19, 2003.

On January 5, 2004, Weaver filed a "Petition for Writ of Habeas Corpus Ad Subjiciendum and Petition for Writ of Error – Coram Nobis." This one page document requested that his judgment of sentence be vacated due to the PCRA court's failure to address his PCRA petition. There is no further activity in the docket entries until February 19, 2008, when Weaver filed a document entitled "Motion For An Evidentiary Hearing."

Immediately following the entry for this document, the docket contains an entry entitled "CLERK'S NOTE," dated May 27, 2008. In this note, the clerk details the Middle District's failure to return the case files to Franklin County, and the Middle District's promise to return the case files promptly. Since that time, Weaver has proceeded to pursue relief through voluminous *pro se* filings with the PCRA court.[2] On April 3, 2014, the PCRA court filed an order dismissing Weaver's petition with prejudice. This timely appeal followed.

_____

[2] The PCRA court appointed at least three separate attorneys to represent Weaver on his petition. However, all appointed attorneys were eventually permitted to withdraw.

On appeal, Weaver raises two issues for our review. First, he contends that the PCRA court erred in dismissing his petition without a hearing. The PCRA court, in its opinion on appeal, concludes that the 1997 petition was facially untimely. We agree.

"On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." **Commonwealth v. Edmiston**, 65 A.3d 339, 345 (Pa. 2013) (citation omitted), *cert. denied*, **Edmiston v. Pennsylvania**, 134 S. Ct. 639 (2013). "[Our] scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." **Commonwealth v. Koehler**, 36 A.3d 121, 131 (Pa. 2012) (citation omitted). "[T]his Court applies a *de novo* standard of review to the PCRA court's legal conclusions." **Commonwealth v. Spotz**, 18 A.3d 244, 259 (Pa. 2011) (citation omitted).

Before we may address the merits of a PCRA petition, we must first consider the petition's timeliness because it implicates the jurisdiction of both this Court and the PCRA court. **See Commonwealth v. Williams**, 35 A.3d 44, 52 (Pa. Super. 2011), *appeal denied*, 50 A.3d 121 (Pa. 2012). A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. **See** 42 PA.CONS.STAT.ANN. § 9545(b)(1). "The PCRA timeliness requirements are jurisdictional in nature and, accordingly, a

court cannot hear untimely PCRA petitions." ***Commonwealth v. Flanagan***, 854 A.2d 489, 509 (Pa. 2004) (citation omitted).

As noted previously, Weaver's direct appeal contained a procedural irregularity. While this Court affirmed the judgment of sentence and relinquished jurisdiction, it also remanded for a hearing on three issues of counsels' ineffectiveness. These issues were not resolved until the trial court granted Weaver's request to waive the hearing so that Weaver could pursue his pending PCHA petition. In an abundance of caution, we will treat the date of that order, January 5, 1989, as the date that Weaver's judgment of sentence became final. Weaver therefore had until January 5, 1990, to file a timely petition pursuant to the PCRA, which was in effect in 1997 when Weaver filed the instant petition. Clearly, Weaver's 1997 petition does not meet the one-year timeliness requirement.

However, the PCRA also provides that first petitions filed within one year of the effective date of the 1995 amendments to the PCRA are timely. ***See Commonwealth v. Lewis***, 718 A.2d 1262, 1264 (Pa. Super. 1998). Weaver's 1997 petition does not qualify as his 1997 petition counts as his second, due to his previous PCHA petition. ***See id***., at 1262 (Pa. Super. 1998) (noting that PCHA petitions are considered previous petitions under the PCRA, but concluding that a previous petition that successfully sought reinstatement of direct appeal rights *nunc pro tunc* would not count as a first petition).

As the PCRA petition at issue here was not timely, "the courts have no jurisdiction to grant [Weaver] relief unless he can plead and prove that one of the exceptions to the time bar provided in 42 [PA.CONS.STAT.ANN.] § 9545(b)(1)(i)-(iii) applies." *Commonwealth v. Pursell*, 749 A.2d 911, 914-915 (Pa. 2000). *See also Commonwealth v. Wilson*, 824 A.2d 331, 335 (Pa. Super. 2003) (*en banc*) ("Since Appellant's PCRA petition is untimely, our review focuses on whether Appellant has pled and proven that one of the three limited exceptions to the timeliness requirements of the PCRA apply.").

The PCRA provides for three general exceptions to the timeliness requirements.

**(b) Time for filing petition.—**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

- 6 -

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b)(1)-(2).

Weaver's 1997 petition does not address any of these exceptions. In the multitude of documents Weaver has filed since, he has occasionally argued that his petition was timely, but does not clearly articulate any reason why an exception would apply. Weaver makes no argument regarding the recognition of a retroactively applied new right, and therefore subsection (b)(1)(iii) does not apply. With respect to subsections (b)(1)(i) and (ii), we note that the claims contained in Weaver's 1997 petition are all present in his previous PCHA petition and direct appeal. Weaver therefore cannot satisfy that these claims were not known to him until 60 days before he filed the 1997 petition. Nor can he establish that these claims were not presented to the courts, as his PCHA petition was addressed on the merits by the PCHA court and affirmed by this court on appeal. As none of the PCRA's timeliness exceptions can apply to Weaver's 1997 petition, we conclude that the PCRA court correctly found that it did not have jurisdiction to entertain the petition.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/7/2015