J-S01022-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| THELBERT LEWIS | |
| Appellant | No. 1304 EDA 2015 |

Appeal from the PCRA Order April 21, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0407531-1986

BEFORE: GANTMAN, P.J., MUNDY, J., and MUSMANNO, J.

JUDGMENT ORDER BY MUNDY, J.: **FILED JANUARY 25, 2016**

Appellant, Thelbert Lewis, appeals *pro se* from the April 21, 2015 order, dismissing as untimely his second petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.

On May 4, 1987, Appellant pled guilty to one count each of second-degree murder, criminal conspiracy, and kidnapping, and two counts of robbery.[1] That same day, the trial court imposed an aggregate sentence of life imprisonment. On February 12, 1993, this Court affirmed Appellant's judgment of sentence, and our Supreme Court denied Appellant's petition for

---

[1] 18 Pa.C.S.A. §§ 2502(b), 903(a), 2901(a), and 3701(a), respectively.

allowance of appeal on June 7, 1993.[2] *Commonwealth v. Lewis*, 620 A.2d 516 (Pa. Super. 1993) (unpublished memorandum), *appeal denied*, 627 A.2d 730 (Pa. 1993). Appellant did not file a petition for a writ of *certiorari* with the United States Supreme Court. As a result, his judgment of sentence became final on September 7, 1993, when the filing period for such a petition expired.[3] *See generally* 42 Pa.C.S.A. § 9545(b)(3); U.S. S. Ct. R. 13(1). Because Appellant's judgment of sentence became final before the effective date of the 1995 amendments to the PCRA, Appellant had one year from the effective date of those amendments, or until January 16, 1997, to file a timely PCRA petition.[4] *See Commonwealth v. Thomas*, 718 A.2d 326, 329 (Pa. Super. 1998) (*en banc*). Appellant filed the current PCRA

_____

[2] Appellant did not file a direct appeal. However, he filed a petition under the Post Conviction Hearing Act, the predecessor to the PCRA, seeking to appeal his judgment of sentence *nunc pro tunc*, which the trial court granted on April 30, 1991.

[3] We observe that the 90th day fell on Sunday, September 5, 1993, and Monday, September 6, 1993 was Labor Day, a federal legal holiday. Therefore, the 90th day for Appellant to file a timely petition for a writ of *certiorari* was Tuesday, September 7, 1993. *See* U.S. S. Ct. R. 30(1).

[4] Appellant filed his first, timely PCRA petition on July 17, 1996, which the PCRA court dismissed on June 12, 1997. This Court affirmed that order on October 2, 1998, and our Supreme Court denied his petition for allowance of appeal on April 6, 1999. *Commonwealth v. Lewis*, 718 A.2d 1262 (Pa. Super. 1998), *appeal denied*, 737 A.2d 1224 (Pa. 1999).

petition on July 10, 2012.[5] As a result, it was facially untimely because it was not filed within one year of Appellant's judgment of sentence becoming final. *See* 42 Pa.C.S.A. § 9545(b)(1).

Moreover, in his appellate brief, Appellant does not expressly argue that one of the three enumerated time-bar exceptions applies. To the extent that Appellant's PCRA petition could be construed as arguing that the United States Supreme Court's decision in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), satisfies the new constitutional right exception to the PCRA time-bar, this Court has rejected that argument. *Commonwealth v. Saunders*, 60 A.3d 162, 165 (Pa. Super. 2013) (concluding "[w]hile *Martinez* represents a significant development in federal *habeas corpus* law, it is of no moment with respect to the way Pennsylvania courts apply the plain language of the time bar set forth in section 9545(b)(1) of the PCRA[]"), *appeal denied*, 72 A.3d 603, *cert. denied*, *Saunders v. Pennsylvania*, 134 S. Ct. 944 (2014); *see also Commonwealth v. Holmes*, 79 A.3d 562, 581-582 (Pa. 2013) (explaining that *Martinez* did not create a constitutional right to counsel in a collateral proceeding), *quoting Martinez*, *supra* at

_____

[5] We note that even though Appellant captioned his second petition as a writ for *habeas corpus*, the ineffective assistance of counsel claims raised therein are cognizable under the PCRA. *See* 42 Pa.C.S.A. § 9543(a)(2)(ii). Accordingly, Appellant is not entitled to *habeas corpus* relief. *See id.* § 9542; *Commonwealth v. Turner*, 80 A.3d 754, 770 (Pa. 2013) (stating that because Appellant's "claim[] [was] cognizable under the PCRA … the writ of *habeas corpus* was not available[]"). Therefore, the PCRA court properly treated Appellant's petition as a PCRA petition.

1319-1320. Therefore, Appellant's PCRA petition is untimely and he has not proven that any of the time-bar exceptions apply.

Based on the foregoing, we conclude the PCRA court properly dismissed Appellant's petition as untimely. Accordingly, the PCRA court's April 21, 2015 order is affirmed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/25/2016