J-S67045-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN LIEBEL | : | |
| | : | |
| Appellant | : | No. 2056 EDA 2018 |

Appeal from the PCRA Order Entered May 28, 2018
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-CR-0002466-1997

BEFORE:   OTT, J., NICHOLS, J., and STRASSBURGER[*], J.

CONCURRING STATEMENT BY NICHOLS, J.:        **FILED MARCH 26, 2019**

I join the lead author in affirming the dismissal of Appellant's ninth Post Conviction Relief Act[1] (PCRA) petition as untimely.  I write separately to comment on the "procedural anomaly" identified in footnote 4 of the majority memorandum and the dissent's proposed remedy to remand this matter for the appointment of counsel for this ninth PCRA petition.

Initially, I agree with the dissent that an error occurred when Appellant filed a "first" PCRA petition in 2006, but was not appointed new counsel.[2]

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] By way of further procedural background, Appellant timely filed a PCRA petition in 2000, and he was appointed counsel. **Commonwealth v. Liebel**, 825 A.2d 630, 632 (Pa. 2003).  Appellant alleged ineffectiveness based on trial counsel's failure to develop defenses before Appellant pled guilty and

Appellant did not raise this issue in any of his *pro se* petitions filed after 2006, and the error went unnoticed by this Court and the Pennsylvania Supreme Court until the present appeal. **Cf. Commonwealth v. Liebel**, 2927 EDA 2006, at 1-2 (Pa. Super. filed July 5, 2007) (unpublished mem.), *appeal denied*, 720 MAL 2007 (Pa. filed Nov. 29, 2007).

Pennsylvania Rule of Criminal Procedure 904 provides, in relevant part:

**(C)** Except as provided in paragraph (H) [regarding death penalty cases], when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel,

---

direct appeal counsel's failure to file a petition for an allowance of appeal from this Court's order affirming the judgment of sentence. **Id.** at 632 & n.3. Following an evidentiary hearing at which trial counsel testified, the PCRA court denied relief, and this Court affirmed. **Id.** at 632.

The Pennsylvania Supreme Court granted allowance of appeal to consider the claim of direct appeal counsel's ineffectiveness. **Id.** The Supreme Court reversed this Court's order affirming the denial of PCRA relief, and remanded to the PCRA court to determine whether direct appeal counsel was ineffective for failing to file a petition for allowance of appeal. **Id.** at 636. Upon remand, the PCRA court granted Appellant leave to file a petition for allowance of appeal *nunc pro tunc*, which the Supreme Court denied on August 27, 2004. **See Commonwealth v. Liebel**, 875 A.2d 1074 (Pa. 2004).

Following the denial of his *nunc pro tunc* petition for allowance of appeal, Appellant filed a *pro se* petition for writ of *habeas corpus* in the United States District Court for the Eastern District of Pennsylvania. The federal district court denied Appellant's petition on its merits. **See Liebel v. Brooks**, No. Civ. A. 04-4380, 2006 WL 237938 (E.D. Pa. filed Jan. 31, 2006) (mem.).

Appellant then filed a *pro se* PCRA petition in July 2006 (2006 petition). This petition should have been regarded as a first PCRA petition, and the PCRA court should have appointed counsel. **See Commonwealth v. Karanicolas**, 836 A.2d 940, 944 (Pa. Super. 2003); **Commonwealth v. Lewis**, 718 A.2d 1262, 1264 (Pa. Super. 1998).

the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief.

\* \* \*

**(E)** The judge shall appoint counsel to represent a defendant whenever the interests of justice require it.

Pa.R.Crim.P. 904(C), (E).  A violation of Rule 904(C) may be raised by this Court *sua sponte* in a petitioner's first PCRA petition.  **See Karanicolas**, 836 A.2d at 944; **Commonwealth v. Powell**, 787 A.2d 1017, 1019 (Pa. Super. 2001) (noting that an "indigent petitioner's right to counsel must be honored regardless of the merits of his underlying claims, even where those claims were previously addressed on direct appeal, so long as the petition in question is his first" (citation omitted)).

However, this does not mean that Rule 904(E) authorizes this Court to address a violation of Rule 904(C) *sua sponte* in a second or subsequent proceeding.  **See** Pa.R.Crim.P. 904(E).  To the contrary, the Pennsylvania Supreme Court has repeatedly emphasized that the rules of issue preservation and the timeliness requirements of the PCRA must be strictly construed, even at the expense of fundamental rights.  **See Commonwealth v. Brown**, 943 A.2d 264, 268 (Pa. 2008); **id.** at 272 (Baer, J., dissenting) (recognizing that the strict application of the PCRA timeliness requirements may compel "sacrificing fundamental rights at the altar of finality"); **Commonwealth v. Robinson**, 837 A.2d 1157, 1157-58, 1161-62 (Pa. 2003) (criticizing this

Court's attempts to create equitable theories to avoid the effect of the PCRA time-bar).

There is no doubt that the error identified by the dissent goes to an important rule-based right to counsel for a first PCRA petition. ***See*** Pa.R.Crim.P. 904(C). However, I cannot agree that this error requires a remand for the appointment of counsel for this ninth PCRA petition. Indeed, even if Appellant raised this error in his ninth petition, he would have been required to plead due diligence in discovering he was not appointed counsel for his 2006 petition. ***See*** 42 Pa.C.S. § 9545(b)(2) (requiring that a petitioner raise a facially untimely claim within sixty days of the date "when the claim could have been presented") (subsequently amended eff. Dec. 24, 2018). Therefore, I conclude that the "interests of justice" standard in Rule 904(E) does not support the remedy suggested by the dissent.

Accordingly, I join the majority memorandum in full.

Judge Ott joins this concurring statement.