412 A.2d 588

**COMMONWEALTH of Pennsylvania**

v.

**Francis BOYD, Appellant.**

Superior Court of Pennsylvania.

Submitted July 31, 1979.

Filed Oct. 19, 1979.

Warren R. Hamilton, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Chief, Appeals Division, Philadelphia, for Commonwealth, appellee.

Before WATKINS, MANDERINO and CIRILLO, JJ.*

CIRILLO, Judge:

The defendant has appealed his conviction of second degree murder, prohibited offensive weapons, criminal conspiracy, and robbery. He was sentenced to a term of life imprisonment for murder, and to consecutive terms of imprisonment for the other offenses. The defendant has raised several issues on appeal, each of which will be considered herein.

■ The defendant first contends that his identification and statements made by him should have been suppressed because they were the product of an allegedly false and

---

\* Justice LOUIS L. MANDERINO of the Supreme Court of Pennsylvania, and Judge VINCENT A. CIRILLO of the Court of Common Pleas of Montgomery County, Pennsylvania, are sitting by designation.

illegal arrest. This court does not agree. A shooting occurred during the course of a robbery in a bar. The bar owner gave a description to the investigating officer of three black men, one of whom was wearing a plaid jacket. The owner told the officer that he chased the robbers and lost them in the 1400 block of Pemberton Street. Minutes later, another officer saw the defendant with a plaid jacket on in the window in a house at 1417 Pemberton Street. The officer received the consent of the owner of that house to search the house, and the defendant was arrested, and a plaid jacket and guns were confiscated. The defendant was returned to the scene of the murder and was positively identified there by the owner of the bar. The lower court held that the police had probable cause to arrest the defendant, and their search of the premises was lawful because the owner of the premises gave consent to the search. This case is remarkably similar to the facts in *Commonwealth v. Jones*, 457 Pa. 423, 322 A.2d 119 (1974). In that case, a murder occurred during the course of a robbery, and a neighbor observed several young men fleeing from the store in which the murder occurred. The neighbor chased the men in his car and lost them several blocks away. The only description given was 4 or 5 negro males in dark clothing. The defendant in that case was apprehended approximately 6 blocks from the scene and was arrested, and the court held that the arrest was proper. In this case, we have a much more accurate description, and the distance was less than 6 blocks away from the scene. We hold, therefore, that the arrest was lawful and the identification and statements given were properly introduced into evidence.

The defendant next complains that the trial judge refused to instruct the jury concerning the defense of intoxication or drugged condition. The judge correctly refused to charge thereon because there was not sufficient evidence of drugged condition and because the law would not have warranted such a charge. On April 7, 1976, the Crimes Code was amended to provide that voluntary intoxication or voluntary drugged condition are no defense to a criminal

charge, and no evidence of such condition may be introduced to negative the element of intent of the offense except in cases of first degree murder: 18 Pa.C.S.A. 308. Therefore, the requested instructions were properly refused.

The defendant next complains of certain remarks made by the District Attorney in his closing statement to the jury. We have examined the record and find that the District Attorney's remarks were warranted by the evidence and were in no way inflammatory or prejudicial to the defendant, and the trial court so found.

■ The defendant's last complaint is to the sentences imposed. He contends that the trial judge did not follow the guidelines imposed by the Sentencing Code, Act of 1974, 18 Pa.C.S.A. 1321. A review of the record indicates that the trial judge did follow the proper guidelines in imposing consecutive sentences. The trial judge believed that the defendant could have been convicted of first degree murder under the evidence, and he also considered the heinousness of the crime and the improbability of rehabilitation of this defendant.

The case was fairly tried, the sentence was entirely within the law, and must be affirmed.

MANDERINO, J., files a concurring opinion.

MANDERINO, Judge, concurring:

I concur with the result reached by the majority concerning the trial judge's refusal to charge the jury concerning the relevancy of intoxication but note that appellant has not challenged the constitutionality of the applicable statute.

I also agree with the majority that the trial judge acted within the statutory guidelines for sentencing. Under the appropriate statute, however, the trial judge is not permitted to second-guess the jury concerning the crime of which the defendant is guilty. His personal opinion as to the proper verdict is an improper consideration to be used in sentencing. In this case, however, the judge's expression of his opinion that the defendant could have been convicted of

murder of the first degree and been given the death sentence, read in context, indicates that the trial judge was addressing himself to the gravity of the offense—a proper guideline—and was not justifying the sentencing because of disagreement with the jury's verdict. I therefore agree that no reversible error occurred.