J-S14003-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| FRANCIS J. BOYD | : | |
| | : | |
| Appellant | : | No. 2599 EDA 2017 |
| | : | |

Appeal from the PCRA Order July 26, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0605971-1976

BEFORE: OTT, J., McLAUGHLIN, J., and RANSOM*, J.

MEMORANDUM BY OTT, J.:                                    **FILED MAY 31, 2018**

Francis J. Boyd appeals, *pro se*, from the order entered July 26, 2017, in the Philadelphia County Court of Common Pleas denying his serial PCRA petition.[1] Boyd seeks relief from the judgment of sentence of an aggregate term of life imprisonment imposed on **February 9, 1977**, following his jury conviction of second-degree murder and related charges. On appeal, he argues the PCRA court erred in dismissing his petition, which he claims is an amendment to a prior petition filed in 2008, and subsequently amended in 2010, because he is subject to an illegal sentence. We affirm.

_____

* Retired Senior Judge assigned to the Superior Court.

[1] **See** Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.

Since his judgment of sentence was affirmed by this Court in October of 1979,[2] Boyd has filed numerous petitions for collateral relief. Relevant to this appeal, on April 30, 2012, he filed a *pro se* PCRA petition, which he subsequently amended four times. Ultimately, the PCRA court denied relief by order dated May 30, 2017, and Boyd filed a timely notice of appeal on June 6, 2017.[3] Thereafter, on June 16, 2017, Boyd filed the instant PCRA petition, which, as noted above, he averred was an amendment to a prior petition filed in 2008, and amended in 2010. The PCRA court dismissed the petition on July 26, 2017, due the pending appeal from its May 30th order. This timely appeal follows.

In **Commonwealth v. Lark**, 746 A.2d 585, 588 (Pa. 2000), the Pennsylvania Supreme Court held "that when an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review." Here, Boyd filed a *pro se* PCRA petition on June 16, 2017, while the appeal from his prior petition was (and still is) pending in this Court. **See**

_____

[2] **See Commonwealth v. Boyd**, 412 A.2d 588 (Pa. Super. 1979).

[3] Although the appeal is date-stamped June 22, 2017, the certificate of service attached to the notice avers that Boyd submitted it to the prison authorities for mailing on June 6, 2017. Under the "'prisoner mailbox rule,' a document is deemed filed when placed in the hands of prison authorities for mailing." **Commonwealth v. Wilson**, 911 A.2d 942, 944 n.2 (2006). Accordingly, we consider Boyd's notice of appeal to have been filed on June 6, 2017.

2104 EDA 2017. Therefore, the PCRA court properly determined it had no jurisdiction to review the June 16th petition.

Furthermore, we reject Boyd's argument that his June 16, 2017, petition was simply an amendment of a petition he originally filed in 2008, which the PCRA court never formally dismissed. **See** Boyd's Brief at 2. We recognize that the **Lark** Court stated its holding would "not preclude a trial court from granting leave to amend a PCRA petition that is **currently pending** before that court." **Lark**, **supra**. 746 A.2d at 588 n.2 (emphasis supplied). Indeed, Boyd maintains because the court never ruled upon his 2008 petition, that petition is still pending. We disagree.

First, we note Boyd has filed numerous petitions since that time, all of which the PCRA court denied. Therefore, his claim that the present filing is an "amendment" of the 2008 petition is specious. Second, at the time Boyd filed the petition on July 31, 2008 (followed by an amendment in February of 2010), an appeal from a prior petition was pending in this Court.[4] **See** 2184 EDA 2008. That ruling was later affirmed by this Court on October 27, 2010. **See Commonwealth v. Boyd**, 15 A.3d 543 (Pa. Super. 2010) (unpublished memorandum). Accordingly, like here, at the time the 2008 petition (and accompanying amendment) was filed, the PCRA court had no jurisdiction to

---

[4] The docket reflects that on July 17, 2008, Boyd filed a notice of appeal from an order of the PCRA court entered June 18, 2008.

consider it. **See Lark**, **supra**.[5] The fact the PCRA court apparently neglected to enter a final order after issuing Pa.R.Crim.P. 907 notice of its intent to dismiss the petition on July 12, 2010, is of no moment.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/31/18

---

[5] We note this Court's recent *en banc* decision in **Commonwealth v. Montgomery**, ___ A.3d ___, 2018 PA Super 54 (Pa. Super. 2018) (*en banc*), does not compel a different result. In that case, our Court carved out an exception to **Lark**, **supra**, and held "**PCRA courts** are not jurisdictionally barred from considering multiple PCRA petitions related to the same judgment of sentence at the same time[.]" **Montgomery**, **supra**, 2018 PA Super 54, at 10 (emphasis supplied). However, the **Montgomery** panel explained that **Lark** still applies in cases such as the one before us, and "precludes consideration of a subsequent petition from the time a PCRA order is appealed until no further review of that order is possible." **Id.** at 8.