J-S26006-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FRANCIS J. BOYD, | |
| Appellant | No. 2104 EDA 2017 |

Appeal from the PCRA Order Entered May 30, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0605971-1976

BEFORE:  BENDER, P.J.E., BOWES, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED JULY 30, 2018**

Appellant, Francis J. Boyd, appeals *pro se* from the post-conviction court's May 30, 2017 order dismissing, as untimely, his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, and denying his writ of *habeas corpus*.  We affirm.

A lengthy recitation of the facts underlying Appellant's convictions is not necessary for the disposition of this appeal.  Instead, we briefly note that, on December 1, 1976, a jury found Appellant guilty of second-degree murder, robbery, and related offenses stemming from a shooting and robbery at a Philadelphia bar on June 3-4, 1976.  On February 9, 1977, Appellant received a sentence of life imprisonment for second-degree murder, plus an aggregate,

_____

[*] Former Justice specially assigned to the Superior Court.

consecutive term of 15-30 years' imprisonment for the remaining offenses. This Court affirmed Appellant's judgment of sentence on October 19, 1979, and Appellant did not pursue any further appeals. *See Commonwealth v. Boyd*, 412 A.2d 588 (Pa. Super. 1979). We note that Appellant was 18 years old at the time he committed his offenses in June of 1976.[1]

On May 8, 2012, Appellant filed his seventh post-conviction petition.[2] Between then and August of 2016, Appellant filed several amended PCRA petitions. In his various filings, Appellant raised claims pursuant to recent decisions by the Supreme Court in *Lafler v. Cooper*, 566 U.S. 156 (2012), *Miller v. Alabama*, 567 U.S. 460 (2012), *Alleyne v. United States*, 570 U.S. 99 (2013), and *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016). In addition, while his PCRA petition was pending, Appellant filed a petition for writ of *habeas corpus*, which the court's civil division transferred to its criminal division on November 4, 2015. Appellant's *habeas* claims included the following:

---

[1] Appellant states that his birthday is January 13, 1958, making him almost 18-and-a-half years old at the time of his crimes. *See* Appellant's Brief at 5. The Commonwealth, however, claims that some documents in the record show Appellant's date of birth as December 5, 1956, which would mean that Appellant was about 19-and-a-half years old in June of 1976. *See* Commonwealth's Brief at 6 n.2. Notwithstanding this ambiguity, it is not disputed that Appellant was over 18 years old at the time of his offenses.

[2] According to the Commonwealth, this petition was also Appellant's fifth petition filed pursuant to the PCRA. *See* Commonwealth's Brief at 6 ("On May 8, 2012, [Appellant] filed a seventh post-conviction, and fifth PCRA petition….").

1. [Appellant] was entitled to parole eligibility for his conviction of second[-]degree murder, according to legislative intent[.]

2. [Appellant] was not given … formal and specific notice of the charges being prosecuted against him, thus … [Appellant] was unable to [mount] any defense against the filed charge(s). The prosecution did not specify a charge of 18 Pa.C.S. § 2502(A) or (B)[, pertaining to first and second-degree murder,] until the end of [Appellant's] trial, in violation of [Appellant's] due process rights under the Pennsylvania and United States Constitutions.

3. [Appellant] was sentenced to an [u]nlawful sentence because of the mandatory statutory provisions that a … judge must follow at sentencing pursuant to 42 Pa.C.S. § 9721(a) … and 42 Pa.C.S. § 9721(a.1)….[3]

4. [Appellant] was transferred to the [Department of Corrections] without a "sentencing order"….

Appellant's Petition for Writ of *Habeas Corpus*, 10/15/2015, at 8 (unnecessary capitalization omitted); **see also** Appellant's Brief at 40.

On April 19, 2017, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petitions, to which Appellant filed a timely response. On May 30, 2017, the PCRA court dismissed Appellant's PCRA petition as untimely pursuant to 42 Pa.C.S. § 9545(b), and denied his writ of *habeas corpus*. In doing so, the PCRA court determined that all but one of Appellant's *habeas* claims were cognizable under the PCRA, and that those claims did not meet any of the PCRA's timeliness exceptions. **See** PCRA Court

---

[3] Section 9721(a) states that, in determining the sentence to be imposed, the court may consider several alternatives, such as probation, total confinement, or a fine, and may impose them consecutively or concurrently. 42 Pa.C.S. § 9721(a) (effective until May 17, 2005). However, Section 9721(a.1) provides that Section 9721(a) shall not apply "where a mandatory minimum sentence is otherwise provided by law." 42 Pa.C.S. § 9721(a.1) (effective until May 17, 2005).

- 3 -

Opinion (PCO), 5/30/2017, at 5. The only claim that the PCRA court determined was not cognizable under the PCRA was Appellant's argument that the Department of Corrections has no legal authority to detain Appellant due to the lack of a written sentencing order. *Id.* However, the PCRA court denied this claim as meritless, and Appellant does not raise it on appeal. *Id.* at 5-6; *see also* Appellant's Brief at 40 (stating that he "concedes" this claim).

On June 6, 2017, Appellant filed a timely notice of appeal from the PCRA court's May 30, 2017 order.[4,5] The PCRA court did not direct Appellant to file a Pa.R.A.P. 1925(b) concise statement. Presently, Appellant raises the following issues on appeal:

I. Did the PCRA court err in rejecting Appellant's claim that *Miller*['s] constitutional requirement of consideration of age related factors prior to imposing life without parole sentences applies to [Appellant] who was considered a child under Pennsylvania law and possessed those characteristics of youth identified as constitutionally significant for sentencing purposes by the U.S. Supreme Court?

II. Did the PCRA court err in rejecting Appellant's claim that Pennsylvania law permitting mandatory sentences of life without parole for crimes committed by 18-year-olds lack a

---

[4] Appellant's notice of appeal was recorded on the docket on June 22, 2017. *See Commonwealth v. Wilson*, 911 A.2d 942, 944 n.2 (Pa. Super. 2006) ("Pursuant to the 'prisoner mailbox rule,' a document is deemed filed when placed in the hands of prison authorities for mailing.") (citation omitted).

[5] Subsequently, on June 16, 2017, Appellant filed an amended PCRA petition, arguing that his consecutive sentences are illegal. The PCRA court dismissed this petition on July 26, 2017, due to Appellant's pending appeal in this case. Appellant then filed a timely notice of appeal from the PCRA court's July 26, 2017 order. This Court affirmed the PCRA court's July 26, 2017 order on May 31, 2018. *See Commonwealth v. Boyd*, 2599 EDA 2017, unpublished memorandum at 1 (Pa. Super. filed May 31, 2018).

rational basis given ***Miller***'s prohibition against such sentences for offenders aged 17 and younger and therefore violates the equal protection clauses of the Pennsylvania and U.S. Constitutions[?]

III. Did the PCRA court err in taking one issue from [Appellant's] *habeas corpus* [petition] and dismissing the other claims even though [Appellant] was attacking an illegal sentence, with documentary proof that the [Pennsylvania] Legislature intended for all felony-murder convictions except for murder/arson to be parole eligible?

IV. Did the court err in dismissing [Appellant's] ***Alleyne*** issues despite the U.S. Supreme Court's order in ***Montgomery*** … that []the court has no authority to leave in place a conviction or sentence that violates a substantive rule, regardless of whether the conviction or sentence became final before the rule?

V. Did the PCRA court err in rejecting [Appellant's] *habeas* claim that he was not given adequate notice of the charges when [the Commonwealth] did[ not] specifically give notice of the degree of murder that [Appellant] was being charged with until the judge gave the charge to the jury that [Appelant] was being tried for first, second, third, voluntary and involuntary manslaughter, which is a substantive issue?

VI. Did the Pennsylvania Legislature intend for defendants convicted of second-degree murder (felony-murder) to be eligible for parole?

1) Does [61 P.S.] § 331.17 repeal [61 P.S. §] 331.21 when it concerns second-degree murder convictions (pertaining to parole eligibility)?

2) Does … [42 Pa.C.S.] § 9756(c) repeal and/or … conflict with the inconsistent portions of [§] 331.21 of the Pennsylvania Parole Act?

3) Does the sentencing code repeal any prior statutes which are inconsistent with the law? Notably 42 Pa.[C.S.] § 9701 PURDON 1982 & SUPP.[] 1991[] which states: Section 1(b) of Act 1974, DEC. 30, P.L. 1052, No. 345.

4) Does the repeal provision of § 9765(c) constitute plain language and expressed repeal? Considering the repeal

provisions of §[§] 9756 & 3301, does life without parole for second[-]degree murder violate state and federal laws under the fourteenth amendment, due process, equal protection and the eighth amendment['s ban against] cruel and unusual punishment?

5) Are [Appellant's] equal protection rights violated in being exempted from parole considerations even though he [is] not in the provisions of § 9756(c), which exempted parole for certain offenses?

6) Are the aggregate[] sentences that [Appellant] received unconstitutional under the felony-murder doctrine?

Appellant's Brief at 4-4-A (unnecessary capitalization and some brackets omitted).[6]

At the outset, our standard of review regarding an order denying post-conviction relief is whether the findings of the court are "supported by the record and free of legal error." ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010) (citations omitted). We must begin by addressing the timeliness of Appellant's petition because "[t]he PCRA's time restrictions are jurisdictional in nature. … Without jurisdiction, [an appellate court] simply do[es] not have the legal authority to address the substantive claims." ***Id.*** (citations omitted). With respect to timeliness, the PCRA provides, in pertinent part, the following:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

---

[6] We note that Appellant labels the fifth page of his brief as "4-A[,]" instead of 5.

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b)(1)-(2).

In this case, Appellant's judgment of sentence became final on November 19, 1979. *See* 42 Pa.C.S. § 9545(b)(3) (stating that judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); 1 Pa.C.S. § 1908 ("Whenever the last day of any such period shall fall on Saturday or Sunday, … such day shall be omitted from the computation."); Pa.R.A.P. 1113(a) ("[A] petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days after the entry of the order of the Superior Court or the Commonwealth Court sought to be reviewed."). Therefore, his present petition, filed on May 8, 2012, is patently untimely, and Appellant must meet one of the exceptions to the timeliness requirement set forth in Section 9545(b)(1)(i)-(iii), *supra*.

Regarding the claims Appellant made in his PCRA petition, Appellant contends that he meets the 'newly recognized constitutional right' exception of Section 9545(b)(1)(iii), in light of the Supreme Court's decisions in **Miller**, **Montgomery**, **Alleyne,** and **Lafler.** **See** Appellant's Brief at 6, 31-33, 36-38.[7] We disagree.

First, Appellant argues that **Miller** and **Montgomery** require state courts to give retroactive effect to the rule announced in **Miller**, which held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" **Miller**, 567 U.S. at 465; **see also Montgomery**, 136 S.Ct. 736 (holding that **Miller** applies retroactively). However, Appellant has not demonstrated that the rule created in **Miller** applies to him. As mentioned *supra*, Appellant was — at best — nearly eighteen-and-a-half years old at the time of the underlying crimes. This Court has explained that "petitioners who were older than 18 at the time they committed murder are not within the ambit of the **Miller** decision and therefore may not rely on that decision to bring themselves within the time-bar exception in Section 9545(b)(1)(iii)." **See Commonwealth v. Furgess**, 149 A.3d 90, 94 (Pa. Super. 2016); **see also Commonwealth v. Woods**, 179 A.3d 37, 38, 44 (Pa. Super. 2017) (determining that **Miller** did not apply to the appellant's case where the

_____

[7] Appellant's brief is lengthy, unorganized, and largely incoherent. As such, we do our best to discern Appellant's arguments.

appellant was 18 years and 36 days old when he committed his crime).  Thus, Appellant cannot establish a timeliness exception on this basis.[8]

Next, Appellant claims that he is entitled to relief under **Alleyne**, which held that any fact that increases a mandatory minimum sentence must be submitted to the jury.  **See Alleyne**, 570 U.S. at 102.  Appellant asserts that, pursuant to **Montgomery**, **Alleyne** applies retroactively to cases on collateral review.  **See** Appellant's Brief at 33.[9]  However, following the **Montgomery** decision, our Supreme Court has specifically determined that "**Alleyne** does not apply retroactively to cases pending on collateral review…." **Commonwealth v. Washington**, 142 A.3d 810, 820 (Pa. 2016).  Therefore, Appellant also cannot establish a timeliness exception for this claim.

Further, although Appellant does not set forth an ineffective assistance of counsel claim in his statement of the questions presented, he alleges that he filed a "timely claim" under **Lafler**, which applied the Sixth Amendment

---

[8] We acknowledge that a case raising seemingly similar arguments regarding **Miller** is currently pending *en banc* review before this Court.  **See Commonwealth v. Lee**, 1891 WDA 2016, Order, 3/9/2018.  Nevertheless, we are bound by current precedent, as this "panel is not empowered to overrule another panel of the Superior Court." **Commonwealth v. Beck**, 78 A.3d 656, 659 (Pa. Super. 2013).

[9] Appellant argues that **Alleyne** "was a new rule made retroactive to petitions on collateral review according to **Montgomery** because it announced a new substantive rule of constitutional law."  Appellant's Brief at 33 (unnecessary capitalization omitted).  In support, he quotes the **Montgomery** Court, stating: "It follows as a general principle, that a court has no authority to leave in place a conviction or sentence that violates a substantive rule, regardless of whether the conviction or sentence became final before the rule was announced." **Id.** (quoting **Montgomery**, 136 S.Ct. at 731).

right to counsel and the test for demonstrating ineffectiveness to a situation where the conduct of the defendant's counsel resulted in a plea offer being rejected to the defendant's detriment. **See** Appellant's Brief at 36; **see also Commonwealth v. Feliciano**, 69 A.3d 1270, 1277 (Pa. Super. 2013) (interpreting **Lafler** and its legal ramifications). Nevertheless, this Court has concluded that "**Lafler** [does not] enunciate 'a constitutional right that was recognized by the Supreme Court of the United States' that would provide [the a]ppellant with an exception to the timeliness requirements of the PCRA." **See Commonwealth v. Hernandez**, 79 A.3d 649, 654 (Pa. Super. 2013). Accordingly, Appellant again fails to establish an exception to the PCRA's timeliness requirements.

We turn now to the issues Appellant raises on appeal that the PCRA court determined were cognizable under the PCRA and subject to the PCRA's time-bar, even though Appellant originally raised them in his *habeas* petition. Initially, we observe that:

> It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. Unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of *habeas corpus*. Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition. Phrased differently, a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*.

**Commonwealth v. Taylor**, 65 A.3d 462, 465-66 (Pa. Super. 2013) (internal citations and footnote omitted).

- 10 -

To pursue a claim under the PCRA, the following requirements, in pertinent part, must be met:

**(a) General rule.--**To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:

(1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:

(i) currently serving a sentence of imprisonment, probation or parole for the crime;

(ii) awaiting execution of a sentence of death for the crime; or

(iii) serving a sentence which must expire before the person may commence serving the disputed sentence.

(2) That the conviction or sentence resulted from one or more of the following:

(i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

(iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.

…

(vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

(vii) The imposition of a sentence greater than the lawful maximum.

(viii) A proceeding in a tribunal without jurisdiction.

(3) That the allegation of error has not been previously litigated or waived.

(4) That the failure to litigate the issue prior to or during trial, during unitary review or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel.

42 Pa.C.S. § 9543(a)(1)-(4).[10]

First, Appellant claims that the PCRA court erred in rejecting his *habeas* claim that the Commonwealth did not give him adequate notice of the degree of murder for which he was charged. *See* Appellant's Brief at 4. Our Supreme Court has observed that there are "two requirements for subject matter jurisdiction as it relates to criminal defendants: the competency of the court to hear the case, and the provision of formal notice to the defendant of the crimes charged in compliance with the Sixth Amendment of the United States Constitution and Article I, Section 9, of the Pennsylvania Constitution." ***Commonwealth v. Jones***, 929 A.2d 205, 210 (Pa. 2007) (citation omitted). Further, "[t]he right to formal notice of charges … is so basic to the fairness of subsequent proceedings that it cannot be waived even if the defendant voluntarily submits to the jurisdiction of the court." ***Id.*** at 212 (citation

_____

[10] It is clear that Appellant satisfies Section 9543(a)(1), as he is currently serving a sentence of imprisonment.

- 12 -

omitted).   Accordingly, Appellant's claim that he did not receive formal and specific notice of the charges against him amounts to an attack on the trial court's jurisdiction.[11]   This claim is cognizable under the PCRA because it implicates the court's jurisdiction, **see** 42 Pa.C.S. § 9543(a)(2)(viii).   Further, without notice of the charges against him, Appellant's claim also arguably constitutes "[a] violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place[,]" 42 Pa.C.S. § 9543(a)(2)(i).   Thus, we agree with the PCRA court that this claim is cognizable under the PCRA, and is subject to its timeliness requirements. However, Appellant has not argued that he meets any of the exceptions under 42 Pa.C.S. § 9545(b)(1), nor has he explained why he could not have presented this claim at an earlier time.[12]   Therefore, we do not have jurisdiction to review this claim.

---

[11] In his brief, Appellant acknowledges the jurisdictional consequences of not receiving formal notice.  **See** Appellant's Brief at 45.

[12] We note our disagreement with Appellant's assertion that his *habeas corpus* petition was turned into a PCRA petition "without warning[,]" and "if [Appellant] would have been sent a letter from the court indicating that his *habeas corpus* [petition] was turned into a PCRA [petition,] he would have claimed one of the [timeliness] exceptions, if one existed."  Appellant's Brief at 42 (unnecessary capitalization omitted).  As the Commonwealth points out, the PCRA court gave notice that his *habeas* petition would be treated as a PCRA petition in its Rule 907 notice.  **See** Commonwealth's Brief at 15 n.8; **see also** PCRA Court's Rule 907 Notice, 4/19/2017, at 1 ("[A]ppellant filed a

Appellant's other *habeas* claim raised on appeal challenges whether the legislature intended for defendants convicted of second-degree murder to be eligible for parole. **See** Appellant's Brief at 4-A. Although the PCRA court deemed this claim to be cognizable under the PCRA as it implicates the legality of Appellant's sentence, **see** PCO at 5, the Commonwealth insists it is not. **See** Commonwealth's Brief at 20. In support, the Commonwealth cites to **Commonwealth v. Lewis**, 718 A.2d 1262 (Pa. Super. 1998), wherein the defendant appealed from the order dismissing his PCRA petition, which he filed following his convictions for, *inter alia*, second-degree murder. **Id.** 1262-63.[13] The only issue that the defendant presented on appeal pertained to whether his sentence violated his statutory right to parole eligibility because the court had failed to set a minimum sentence in contravention of 42 Pa.C.S. § 9756.[14]

_____

petition for writ of *habeas corpus* and raised several claim[s] attacking the legality of his sentence and conviction. These claims are subsumed by the PCRA, and as [Appellant] has failed to invoke an exception, the court has no jurisdiction to review the merits or grant relief on this claim.") (unnumbered page).

[13] "[A] person who has been convicted of murder of the second degree … shall be sentenced to a term of life imprisonment." 18 Pa.C.S. § 1102(b).

[14] Section 9756 sets forth, in relevant part:

> **(b) Minimum sentence.--**The court shall impose a minimum sentence of confinement which shall not exceed one-half of the maximum sentence imposed.

> (**c) Prohibition of parole.--**Except in the case of murder of the first degree, the court may impose a sentence to imprisonment without the right to parole only when:

*Id.* at 1264-65. The **Lewis** Court determined that the defendant's "sentence of life imprisonment was nothing other than a mandatory minimum sentence which did not violate § 9756." **Id.** at 1265. Nonetheless, despite this determination, it also concluded that this claim was not cognizable under the PCRA. **Id.** (reasoning that 42 Pa.C.S. § 9543(a)(2)(vii) is the only provision the defendant could be raising, and he had not asserted that his sentence resulted from the imposition of a sentence greater than the lawful maximum).

More recently, this Court considered whether a *habeas* petition was cognizable under the PCRA where the appellant claimed that "the sentencing statute for second-degree murder, 18 Pa.C.S. § 1102(b), is void for vagueness, in violation of his due process rights under the Constitution of the United States and/or of this Commonwealth." **Commonwealth v. Rouse**, -- A.3d --, 2018 WL 2750554, at *1 (Pa. Super. filed June 8, 2018). We discerned that — by arguing that the legislature failed to give adequate notice that the sentence of life imprisonment for second-degree murder under Section 1102(b) is life imprisonment *without the possibility of parole* — the appellant was "challenging the minimum sentence imposed (that is, that no

_____

(1) a summary offense is charged;

(2) sentence is imposed for nonpayment of fines or costs, or both, in which case the sentence shall specify the number of days to be served; and

(3) the maximum term or terms of imprisonment imposed on one or more indictments to run consecutively or concurrently total less than 30 days.

42 Pa.C.S. § 9756(b), (c) (effective until Aug. 20, 2000).

minimum sentence was imposed)[,]" rather than averring that "his sentence exceeded the lawful maximum." *Id.* at *1, *4. Further, we noted that the appellant's claim did not fall within the well-established categories of illegal sentencing issues that are cognizable under the PCRA according to relevant case law, as his claim "d[id] not challenge the sentencing court's authority or actions insomuch as it challenge[d] the legislature's ostensible failure to provide adequate notice of the penalty for second-degree murder." *Id.* at *5. Accordingly, we ascertained that his claim was not cognizable under the PCRA. *Id.*

Finding that the PCRA did not apply, the **Rouse** Court then examined whether the appellant was entitled to relief under *habeas*, and concluded that the appellant had waived his claim. *Id.* We explained that "[h]abeas corpus is an extraordinary remedy and is available after other remedies have been exhausted or ineffectual or nonexistent. It will not issue if another remedy exists and is available." *Id.* (citation omitted). Because the appellant could have raised his void-for-vagueness claim at his sentencing hearing, or in a post-sentence motion, we determined that the appellant had failed to exhaust all available remedies before resorting to relief under *habeas corpus*, and thereby waived the issue raised in his *habeas* petition. *Id.*

From what we can glean from Appellant's brief in the case *sub judice*, he argues that the statute for second-degree murder is unconstitutional,

conflicts with other laws such as 42 Pa.C.S. § 9756,[15] 61 P.S. § 331.17,[16] and 61 P.S. § 331.21(a),[17] and contravenes the legislature's intent that "murder-arson"[18] be the only instance of second-degree murder without parole.  **See** Appellant's Brief at 4-4-A, 39, 42.  As in **Lewis** and **Rouse**, Appellant does not contend that his sentence is greater than the lawful maximum, **see** 42 Pa.C.S. § 9543(a)(2)(vii), but instead complains that no minimum sentence was imposed to permit him to be eligible for parole.  Further, like in **Rouse**, instead of contesting the sentencing court's authority or actions, the crux of Appellant's claim is whether "the Pennsylvania Legislature intend[ed] for defendants convicted of second-degree murder (felony-murder) to be eligible

---

[15] We have set forth this statute, *supra*.

[16] We believe Appellant is referring to the portion of Section 331.17, which states that "[t]he power of the board to parole shall extend to prisoners sentenced to definite or flat sentences." 61 P.S. § 331.17 (effective until Sept. 24, 2008).

[17] In pertinent part, this provision states:

> The board is hereby authorized to release on parole any convict confined in any penal institution of this Commonwealth as to whom power to parole is herein granted to the board, **except convicts condemned to death or serving life imprisonment**, whenever in its opinion the best interests of the convict justify or require his being paroled and it does not appear that the interests of the Commonwealth will be injured thereby.

61 P.S. § 331.21(a) (effective until Sept. 24, 2008; emphasis added).

[18] With respect to arson and related offenses, "a person convicted of murder of the second degree … shall be sentenced to life imprisonment **without right to parole**." **See** 18 Pa.C.S. § 3301(b) (effective until Jan. 28, 2007; emphasis added).

- 17 -

for parole." **See** Appellant's Brief at 4-A. As such, we agree with the Commonwealth that Appellant's claim is not cognizable under the PCRA.

Notwithstanding, pursuant to **Rouse**, we discern that Appellant is not entitled to *habeas* relief for this claim. Because Appellant could have raised this claim at his sentencing hearing or in a post-sentence motion, he did not exhaust all available remedies before seeking *habeas* relief. **See Rouse**, 2018 WL 2750554, at *5.[19] Therefore, we find this claim to be waived, and affirm the PCRA court's order denying both Appellant's PCRA petition and his *habeas* petition.[20,21]

---

[19] Appellant does not argue that he has previously raised this claim, nor does he aver that he could not have raised it at an earlier time. Moreover, our review of the record does not indicate that Appellant had raised this specific claim previously. In any event, even if not waived, the **Lewis** Court seems to reject the argument that a life sentence imposed pursuant to a second-degree murder conviction violates our statutory law. **See Lewis**, 718 A.2d at 1264-65.

[20] "To the extent our legal reasoning differs from the trial court's, we note that as an appellate court, we may affirm on any legal basis supported by the certified record." **Rouse**, 2018 WL 2750554, at *5 (citation omitted).

[21] In his brief, Appellant also claims that his aggregated, consecutive sentences are illegal because "where an individual is convicted of second-degree murder, he cannot be sentenced for second-degree murder and the underlying felony." Appellant's Brief at 43 (unnecessary capitalization and citations omitted). Appellant appears to have raised this same issue in the amended PCRA petition he filed while this appeal was pending. **See** note 5, **supra**. As the Commonwealth aptly recognizes, while legality of sentence claims are never waived, we still must have jurisdiction to hear them. **See** Commonwealth's Brief at 21-22. Here, it again appears that Appellant has failed to satisfy any of the PCRA's timeliness exceptions, and we therefore do not have jurisdiction to review this claim.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/30/18