J-A06029-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
v.   :
  :
FRANCIS J BOYD   :
  :
     Appellant   :
  :   No. 2100 EDA 2024

Appeal from the PCRA Order Entered July 26, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0605971-1976

BEFORE:   PANELLA, P.J.E., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:         **FILED APRIL 14, 2025**

Appellant, Francis J Boyd, appeals from the July 26, 2024 order that dismissed his serial *pro se* petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, as untimely. Upon review, we affirm.

On December 1, 1976, a jury convicted Appellant of Second-Degree Murder and related offenses for the shooting death of William Boyd during a bar robbery. The trial court denied Appellant's post-verdict motions and sentenced him to an aggregate term of life imprisonment. Appellant filed a direct appeal with the Pennsylvania Supreme Court. Relevant to an issue raised in Appellant's current PCRA petition, during the pendency of the appeal, state legislature limited the original jurisdiction of the Supreme Court to direct appeals where a court imposed the death penalty, prompting the Supreme

_____

[*] Former Justice specially assigned to the Superior Court.

Court to transfer Appellant's case to this Court. **See** 42 Pa.C.S. § 722. On October 19, 1979, this Court affirmed Appellant's judgment of sentence. **Commonwealth v. Boyd**, 412 A.2d 588 (Pa. Super. 1979). Appellant did not seek further review in the Pennsylvania Supreme Court. He subsequently filed eight unsuccessful PCRA petitions.

On January 13, 2022, Appellant filed the instant *pro se* PCRA petition, his ninth, and supplemented and/or amended it numerous times over the next two years. In his petitions, Appellant attempts to invoke the Section 9545(b) time-bar exceptions by averring that (1) the Supreme Court's decision in **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021), established a new constitutional right to challenge ineffective assistance of trial counsel; (2) Appellant's counsel failed to file an appeal to the Pennsylvania Supreme Court due to governmental interference, as evidenced by an attached affidavit from trial counsel; and (3) that Appellant's sentence is unconstitutional and that he is entitled to relief pursuant to **Commonwealth v. Tarselli**, 260 A.3d 111 (Pa. Super. 2021) (non-precedential decision).

On June 26, 2024, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss the petition without a hearing asserting that Appellant's PCRA petition was facially untimely, and that Appellant failed to raise a valid exception to the PCRA time-bar. Appellant filed a response on July 8, 2024. On July 26, 2024, the PCRA court dismissed the petition as untimely.

Appellant filed a timely *pro se* appeal. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

In his *pro se* brief to this Court, Appellant raises the following issues for our review.

1. [] Did the PCRA court err, and commit reversible error when [Appellant] established that his new[ly] discovered [] facts claims [were] within the plain language of the timeliness exception set forth at 42 Pa.C.S.[] §§ 9545(b)(1)(ii), 9545(b)(2)?

2. Did the PCRA Court err and commit revers[i]ble error when it did not consider [Appellant]'s attorney's affidavit stating that he was responsible for not filing [Appellant]'s [a]llocator to the Pennsylvania Supreme Court?

3. Did the [g]overnment commit [interference] when it did not inform [Appellant] that his [d]irect [a]ppeal (appeal as of right) was transferred to a lower [c]ourt as a result of a "change of law?"

4. Did the [g]overnment have a duty to inform [Appellant] that his [d]irect [a]ppeal (appeal as of right) was transferred to the Superior Court as a result of a change in law, and that he needed to appeal once again to the Pennsylvania Supreme Court?

5. Do[] question(s) numbers 4 and 5 result in a fundamental miscarriage of justice, causing Appellant to forever loose his appeal right because of a system breakdown within the court system in notifying defendants of their right[] to appeal?

6. Did the [c]ourt [] err when it acknowledged that Appellant did file for his appeal rights back in successive PCRA Petitions (between 2001 and 2009) after his federal Petition was denied, but nevertheless denied [Appellant] relief?

Appellant's Br. at 33 (unpaginated).

We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if they are

supported by the record. ***Commonwealth v. Boyd***, 923 A.2d 513, 515 (Pa. Super. 2007). "We give no such deference, however, to the court's legal conclusions." ***Commonwealth v. Smith***, 167 A.3d 782, 787 (Pa. Super. 2017).

As a preliminary matter, the timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Hackett***, 956 A.2d 978, 983 (Pa. 2008). Pennsylvania law is clear that no court has jurisdiction to hear an untimely PCRA petition. ***Commonwealth v. Robinson***, 837 A.2d 1157, 1161 (Pa. 2003). In order to obtain relief under the PCRA, a petition must be filed within one year from the date the judgment of sentence became final. 42 Pa.C.S. § 9545(b)(1). Appellant's petition, filed over forty years after his judgment of sentence became final, is facially untimely.

Pennsylvania courts may consider an untimely PCRA petition, however, if the petitioner pleads and proves one of the three exceptions to the time-bar set forth in Section 9545(b)(1), including the government interference, newly discovered fact, and new constitutional right exceptions. Any petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented. 42 Pa.C.S § 9545(b)(2).

The government interference exception requires proof that "the failure to raise the claim previously was the result of interference by government officials[.]" 42 Pa.C.S. § 9545(b)(1)(i). ***See also Commonwealth v. Abu-Jamal***, 941 A.2d 1263, 1268 (Pa. 2008). This requires the petitioner to show that due to the interference of a government actor, he could not have filed his

- 4 -

claim earlier. ***Commonwealth v. Vinson***, 249 A.3d 1197, 1205 (Pa. Super. 2021).

To satisfy the newly discovered facts exception, a petitioner must plead and prove "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. § 9545(b)(1)(ii). Our Supreme Court has held that this exception "does not require any merits analysis of the underlying claim." ***Commonwealth v. Bennett***, 930 A.2d 1264, 1271 (Pa. 2007). Rather the exception merely requires the petitioner to plead and prove two elements: "1) the **facts** upon which the claim was predicated were **unknown** and 2) could not have been ascertained by the exercise of **due diligence***." **Id.*** at 1272 (internal quotation marks omitted, emphasis in original), citing 42 Pa.C.S. § 9545(b)(1)(ii).

Due diligence requires a petitioner to make reasonable efforts to uncover facts that may support a claim for collateral relief. ***Commonwealth v. Brensinger****,* 218 A.3d 440, 449 (Pa. Super. 2019)*.* A petitioner must explain why he could not have learned the new facts earlier by exercising due diligence. ***Commonwealth v. Breakiron***, 781 A.2d 94, 98 (Pa. 2001).

To invoke the new constitutional right exception, a petitioner must plead and prove that (1) "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in [Section 9545]" and (2) "has been held by that court to apply retroactively." 42 Pa.C.S. § 9545(b)(1)(iii).

"Importantly, the court announcing the new constitutional right must have ruled that the right applied retroactively prior to the filing of a petition for collateral review." *Commonwealth v. Branthafer*, 315 A.3d 113, 131 (Pa. Super. 2024), *appeal denied*, 2025 WL 545649 (Pa. Feb. 19, 2025).

Appellant first attempts to invoke the new constitutional right exception by incorrectly asserting that our Supreme Court's decision in *Bradley* established a new constitutional right to raise an ineffective assistance of counsel challenge at any time.[1]  This claim fails to overcome the PCRA time-bar.

*Bradley* held that "a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." *Bradley*, 261 A.3d at 401.  Our Supreme Court recently held unequivocally that "*Bradley* did not establish an equitable exception to the PCRA's time-bar and [] its rationale cannot be extended to create one." *Commonwealth v. Laird*, ___ A.3d ___, 2025 WL 542548, at *1 (Pa. filed Feb. 19, 2025). Accordingly, *Bradley* does not establish a new constitutional right and Appellant's attempt to overcome the PCRA time-bar fails.

Appellant next attempts to invoke the government interference exception to the PCRA time-bar by (1) citing the change in the law that sent

---

[1] *See* PCRA Pet., 1/13/22, at 2-3; Amended PCRA Pet., 1/9/23, at 1-4, 6-8 (unpaginated); Sup. PCRA Pet., 11/2/23, at 1-17 (unpaginated); Sup. PCRA Pet., 3/6/24, at 1-10 (unpaginated).

jurisdiction for his direct appeal from the Pennsylvania Supreme Court to this Court in 1979, and (2) averring that trial counsel failed to file an appeal to our Supreme Court due to this government interference.[2] Appellant avers that his trial counsel should have told him about the transfer, but also avers generally that the government or state legislature should have informed him about the change in Supreme Court jurisdiction pursuant to 42 Pa.C.S. § 722.

To support his claims, Appellant attached an affidavit from trial counsel to his November 2, 2023 supplemental PCRA petition and claimed that this satisfied the newly discovered fact exception to the PCRA time-bar. This affidavit states that trial counsel did not know that the Pennsylvania legislature limited the Supreme Court's jurisdiction, and had he known Appellant's appeal was transferred to Superior Court, he would have informed Appellant and later filed for allocatur in our Supreme Court. Sup. PCRA Pet, 11/2/23, Exhibit B, Affidavit of Warren R. Hamilton, Esq. These claims fail for several reasons.

Our Supreme Court has explained that defense counsel does not qualify as a government official for the purposes of the Section 9545(b)(1)(i) time-bar exception: "[c]oncerning the timeliness exception provided in 42 Pa.C.S. § 9545(b)(1)(i), we have stated that claims relating to ineffectiveness of counsel for failing to raise certain issues do not qualify due to the specific provision in 42 Pa.C.S. § 9545(b)(4) that the term 'government officials' does

---

[2] *See* PCRA Pet., 1/13/22, at 2-3; Amended PCRA Pet., 1/9/23, at 1-4, 6-8 (unpaginated); Sup. PCRA Pet., 11/2/23, at 1-17 (unpaginated); Sup. PCRA Pet., 3/6/24, at 1-10 (unpaginated).

- 7 -

not include defense counsel." ***Commonwealth v. Pursell***, 749 A.2d 911, 916 (Pa. 2000). Regardless, the government interference exception does not apply here because the government has no burden to inform prisoners of changes in the law. ***See Commonwealth v. Baldwin***, 789 A.2d 728, 731 (Pa. Super. 2001) (stating that "[n]either the court system nor the correctional system is obliged to educate or update prisoners concerning changes in case law.").

Finally, Appellant cannot invoke the newly discovered fact exception by utilizing trial counsel's affidavit because he failed to show that the facts included in trial counsel's affidavit were previously unknown to him. As the PCRA court explains, Appellant "failed to show that the fact was previously unknown. To the contrary, [Appellant] raised this claim multiple times dating back to 1989." PCRA Ct. Op., dated 7/26/24, at 4 (unpaginated) (citing PCHA Pet, 4/24/89, at 3-5 (unpaginated); PCRA Pet. 9/7/01, at 3-4 (unpaginated); PCRA Pet., 6/29/04, at 3, 6 (unpaginated); PCRA Pet., 10/3/07, at 3, 6-7 (unpaginated); Amended PCRA Pet., 10/24/07, at 3, 6-7 (unpaginated)). We agree.

Our Supreme Court has explained that the newly discovered facts exception "focuses on facts, not on a newly[]discovered or newly willing source for previously known facts." ***Commonwealth v. Marshall***, 947 A.2d 714, 721 (Pa. 2008) (internal quotation marks and emphasis omitted). In Appellant's most recent prior PCRA petition, Appellant unsuccessfully raised claims that no one informed him about the change in legislature and that trial

counsel was ineffective for failing to file a petition to appeal to the Supreme Court. *See Commonwealth v. Boyd*, 2184 EDA 2008 (Pa. Super. filed June 18, 2008). Accordingly, trial counsel's affidavit is simply a newly willing source for previously known facts that does not satisfy the new fact exception. Appellant's attempt to reframe his previously raised claims as exceptions to the PCRA time-bar is unavailing.

In his final claim, Appellant asserts generally that his sentence is unconstitutional and that he is entitled to relief pursuant to *Tarselli*;[3] however, he fails to explicitly plead and prove the applicability of a timeliness exception.[4] Petition, 5/10/24, at 1-9. Without more, this court is without jurisdiction to review the merits of this claim.

In conclusion, the PCRA court properly dismissed Appellant's petition. Appellant has not pleaded and proved the applicability of the newly discovered

---

[3] *Tarselli* is a non-precedential decision of this Court that applied the U.S. Supreme Court's decisions in *Miller v. Alabama*, 567 U.S. 460 (2012), and *Montgomery v. Louisiana*, 577 U.S. 190 (2016), to the appellant who established post-conviction that his birthdate had been incorrectly recorded and that he was a minor at the time of his offense. *Tarselli*, 260 A.3d at *4.

[4] The PCRA court acknowledges that Appellant "failed to explicitly plead a timeliness exception" but inferred that Appellant's "citation of *Tarselli* was arguably an attempt to invoke the newly-recognized constitutional right statutory exception." PCRA Ct. Op. at 5 (unpaginated). The PCRA court rejects this attempt explaining (1) *Tarselli* does not announce a new constitutional right; (2) *Tarselli* is a non-precedential decision of the Superior Court rather than a decision of the Supreme Court; (3) Appellant failed to demonstrate that he filed the instant petition within one year of the date *Tarselli* was decided. We agree—if Appellant had explicitly invoked the new constitutional right exception, he would have been unsuccessful.

fact exception and, therefore, we are without jurisdiction to consider the merits of this appeal. We, thus, affirm the denial of relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/14/2025