J-S67035-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| AMATADI LATHAM | : | |
| | : | |
| Appellant | : | No. 3122 EDA 2016 |

Appeal from the PCRA Order September 2, 2016
in the Court of Common Pleas of Montgomery County
Criminal Division at No(s):  CP-46-CR-0001918-2009

BEFORE:   OTT, J., NICHOLS, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:          **FILED JANUARY 14, 2019**

Amatadi Latham (Appellant) appeals *pro se* from the order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

Relevant to this appeal, in January 2010, a jury convicted Appellant of one count each of second-degree murder and burglary, four counts of robbery, and two counts of criminal conspiracy for his role in a deadly home invasion in 2009.  On April 27, 2010, Appellant was sentenced to life imprisonment plus 32 to 64 years of incarceration.

After the trial court denied his post-sentence motions, Appellant filed a notice of appeal.  On March 17, 2014, this Court affirmed Appellant's judgment of sentence, and the Pennsylvania Supreme Court denied Appellant's petition

_____

* Retired Senior Judge assigned to the Superior Court.

for allowance of appeal. *Commonwealth v. Latham*, 100 A.3d 309 (Pa. Super. 2014) (unpublished memorandum), *appeal denied*, 99 A.3d 924 (Pa. 2014).

On January 12, 2015, Appellant timely filed *pro se* a PCRA petition that is the subject of the instant appeal. Therein, Appellant asserted generic claims of ineffective assistance of counsel, unavailability of exculpatory evidence, and a constitutional violation due to lack of probable cause for the issuance of his arrest warrant. *See Pro Se* PCRA Petition, 1/12/2015, at 3, 5, 7.

On January 16, 2015, the PCRA court appointed Attorney Henry S. Hilles to represent Appellant. On April 16, 2015, after thoroughly reviewing the entire record, including transcripts and prior counsel's file, discussing the case with Appellant, researching relevant law, and concluding that the allegations set forth by Appellant in his petition lacked merit, Attorney Hilles filed a petition to withdraw as counsel.[1] Counsel's no-merit letter addressed additional issues Appellant had asked Attorney Hilles to evaluate, which were not contained in the *pro se* PCRA petition. Pursuant to the *Turner/Finley* procedure, since Attorney Hilles did not believe any of the issues Appellant sought to raise entitled him to relief under the PCRA, counsel did not file an amended PCRA petition. On October 14, 2015, Appellant *pro se* filed a motion

---

[1] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*) (setting forth the procedures and requirements for withdrawing as counsel at the post-conviction stage).

for transcripts and requested the PCRA court hold his petition in abeyance to allow him time to respond to counsel's no-merit letter.

On July 8, 2016, the PCRA court entered an order granting counsel's motion to withdraw after agreeing with counsel that Appellant's petition did not entitle him to relief. After an independent review of the record and extensive explanation of its reasoning, the PCRA court provided Appellant notice pursuant to Pa.R.Crim.P. 907 of its intention to dismiss Appellant's petition within 20 days. On August 23, 2016, Appellant *pro se* filed a response, disputing the PCRA court's analysis of issues relating to ineffective assistance of trial counsel due to lack of preparation for trial, and trial court error in denying Appellant's pre-trial request for a change of counsel. On September 2, 2016, the PCRA court entered an order dismissing Appellant's petition. Appellant timely filed a notice of appeal, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

On appeal, Appellant raises three issues:

[1.] [Appellant] is entitled to an evidentiary hearing and a new trial based on the [PCRA court's] error for failing to conduct an evidentiary hearing based on [the] trial court's denying [Appellant's] attempt to fire trial counsel.

[2.] [Appellant] contends that the trial court lacked statutory authorization to sentence [Appellant] which would warrant dismissal of charges.

[3.] [Appellant] contends that he is currently serving an illegal sentence.

Appellant's Brief at 3 (issues renumbered for ease of disposition and unnecessary capitalization omitted).[2]

In reviewing an appeal from the denial of PCRA relief, "[w]e must examine whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Mikell*, 968 A.2d 779, 780 (Pa. Super. 2009) (quoting *Commonwealth v. Lawrence*, 960 A.2d 473, 476 (Pa. Super. 2008) (citations omitted)). A PCRA petitioner is not automatically entitled to an evidentiary hearing. *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008). "[I]f the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." *Id.* We review the PCRA court's decision to dismiss a petition without a hearing for an abuse of discretion. *Commonwealth v. McGarry*, 172 A.3d 60, 70 (Pa. Super. 2017) (citation omitted).

Appellant claims that he is entitled to an evidentiary hearing on whether the trial court erred in denying his pre-trial request for a change in trial

_____

[2] Appellant raised three additional claims in his Rule 1925(b) statement, but apparently has abandoned these claims on appeal as they are not argued in his brief. *Compare* Concise Statement, 10/21/2016, at 2 (unnumbered) *with* Appellant's Brief at 3, 13-23. Thus, these issues are waived. *See* Pa.R.A.P. 2116(a), 2119(a); *Commonwealth v. McGill*, 832 A.2d 1014, 1018 n.6 (Pa. 2003) (finding waiver where McGill abandoned claim on appeal); *Commonwealth v. Gordon*, 528 A.2d 631 (Pa. Super. 1987) (finding waiver because Gordon's abandonment of claim on appeal "deprived the court of the benefit of [the] legal theory underlying the assertion of error") (citations omitted).

- 4 -

counsel. We observe that "[a]ny claim not raised in the PCRA petition is waived and not cognizable on appeal." ***Commonwealth v. Washington***, 927 A.2d 586, 601 (Pa. 2007); ***see also*** Pa.R.A.P. 302(a) (stating "issues not raised in the lower court are waived and cannot be raised for the first time on appeal"). Appellant did not raise this issue in his *pro se* PCRA petition. ***Compare*** Appellant's Brief at 3, 21-23 ***with*** *Pro Se* PCRA Petition, 1/12/2015, at 3, 5, 7. Thus, we cannot consider it on appeal. ***See Commonwealth v. Lauro***, 819 A.2d 100, 103 (Pa. Super. 2003) ("[I]ssues not raised in a PCRA petition cannot be considered on appeal.").

Moreover, Appellant's mention of this issue, in his August 23, 2016 *pro se* response to the PCRA court's notice of intent to dismiss, did not preserve the issue. As this Court has explained:

> The purpose behind a Rule 907 pre-dismissal notice is to allow a petitioner an opportunity to seek leave to amend his petition and correct any material defects, ***see Commonwealth v. Williams***, [] 782 A.2d 517, 526 ([Pa.] 2001), the ultimate goal being to permit merits review by the PCRA court of potentially arguable claims. The response is an opportunity for a petitioner and/or his counsel to object to the dismissal and alert the PCRA court of a perceived error, permitting the court to "discern the potential for amendment." ***Id.*** at 527. The response is not itself a petition and the law still requires leave of court to submit an amended petition. ***See*** Pa.R.Crim.P. 905(A). Hence, we conclude that a response to a notice of intent to dismiss is not a second or subsequent petition.

***Commonwealth v. Rykard***, 55 A.3d 1177, 1189 (Pa. Super. 2012) (footnote omitted), *appeal denied*, 64 A.3d 631 (Pa. 2013). Appellant did not seek leave of court to file an amended petition, nor did he file an amended petition

including the claims raised in his August 23, 2016 filing.[3]  Accordingly, such claim is waived as it was not raised in his PCRA petition or in an amended petition.  Even if Appellant did not waive this issue, we would conclude that it lacks merit for the reasons outlined by the PCRA court.  **See** PCRA Court Opinion, 12/21/2017, at 9 n.5, 11-12.

We now turn to Appellant's second and third claims relating to the trial court's jurisdiction and his alleged illegal sentence.  The PCRA court did not address the merits of these claims, instead finding them waived.  PCRA Court Opinion, 12/21/2017, at 14.  In this regard, the PCRA court erred.  While Appellant failed to raise these issues in his PCRA petition, they are not subject to waiver.  **Commonwealth v. Succi**, 173 A.3d 269, 283 n.6 (Pa. Super. 2017) ("[J]urisdiction … is not waivable and may be raised at any time, and *sua sponte.*"), citing **Commonwealth v. Little**, 314 A.2d 270, 272 (Pa. 1974) ("An objection to lack of subject-matter jurisdiction can never be waived; it may be raised at any stage in the proceedings by the parties or by a court on its own motion."); **Commonwealth v. Tanner**, 61 A.3d 1043, 1046 (Pa. Super. 2013) ("[C]hallenges to an illegal sentence can never be waived.");

---

[3] We note that, in his October 15, 2015 *pro se* filing in response to counsel's no-merit letter, Appellant specifically acknowledged that a PCRA court "may grant leave to amend or withdraw a petition for post-conviction collateral relief at any time.  Amendment shall be freely allowed to achieve substantial justice."  Appellant's Two Part Motion, 10/14/2015, at ¶10 (citing Pa.R.Crim.P. 905 and **Commonwealth v. Reid**, 99 A.3d 427, 436 (Pa. 2014)).  Nonetheless, he did not seek leave to amend or file an amended petition.

*Commonwealth v. Berry*, 877 A.2d 479, 482 (Pa. Super. 2005) (*en banc*) ("[A] court may entertain a challenge to the legality of the sentence so long as the court has jurisdiction to hear the claim. In the PCRA context, jurisdiction is tied to the filing of a timely PCRA petition."). However, "[i]t is well-settled that this Court may affirm on any basis." *Commonwealth v. Clouser*, 998 A.2d 656, 661 n.3 (Pa. Super. 2010).

We now address the merits of these remaining claims. In his second issue, Appellant contends an "open" charge of criminal homicide in his criminal information violated his "constitutional right to be confronted with a formal and specific accusation[,]" and as such, the trial court was without subject matter jurisdiction. Appellant's Brief at 14.

In order for a trial court to exercise subject-matter jurisdiction over a criminal case, it must be competent to hear the case and the defendant must be put on notice of the crimes charged. *See Commonwealth v. Jones*, 929 A.2d 205, 210 (Pa. 2007). In this case, both of these requirements were satisfied. First, "all courts of common pleas have statewide subject matter jurisdiction in cases arising under the Crimes Code." *Commonwealth v. Bethea*, 828 A.2d 1066, 1074 (Pa. 2003). Thus, the Court of Common Pleas of Montgomery County was competent to hear this case as it arose under the Crimes Code.

Second, to satisfy the notice requirement, the Commonwealth is only required to "provide a formal and specific accusation of the" charges. *Jones*,

929 A.2d at 212. Failure to include the specific acts constituting an offense is a procedural requirement that does not divest a trial court of subject-matter jurisdiction. *See id.* at 212 and n.9. "An information need not specify a degree of murder[.]" *Commonwealth v. Chambers*, 852 A.2d 1197, 1199 (Pa. Super. 2004) (holding that an information need not specify the degrees of homicide or manslaughter in order to sustain a second-degree murder verdict). In this case, the criminal information specifically charged Appellant with second-degree murder. Accordingly, the trial court properly exercised subject-matter jurisdiction over Appellant's criminal case.

Finally, we address Appellant's claim that he is serving an illegal sentence. From what we can glean from Appellant's brief, he argues that the statute for second-degree murder, 18 Pa.C.S. § 1102(b), is unconstitutional and conflicts with 42 Pa.C.S. § 9721(a) of the Sentencing Code. Appellant's Brief at 17-21. Appellant does not appear to contend that his sentence is greater than the lawful maximum. *See* 42 Pa.C.S. § 9543(a)(2)(vii). Instead, he seemingly argues that the Sentencing Code exclusively governs sentencing, and because subsection 9721(a) permits a court to impose a lesser sentence, the life imprisonment mandate of subsection 1102(b) of the Crimes Code is inapplicable to him. Appellant's Brief at 18. Thus, Appellant argues, the Department of Corrections is "without lawful authority" under the Sentencing Code to imprison him. *Id.* at 21.

To the extent Appellant's claim fails to allege his sentence exceeds the lawful maximum, but rather alleges a due process violation based on an unconstitutional statute, **see id.** at 17-21, it is not cognizable under the PCRA. **See** 42 Pa.C.S. § 9543(a)(2)(vii); **see also Commonwealth v. Rouse**, ___ A.3d ___, 2018 WL 27550554 at *1 (Pa. Super. filed June 8, 2018) (holding a claim that "the sentencing statute for second-degree murder, 18 Pa.C.S. § 1102(b), is void for vagueness in violation of [Rouse's] due process rights under the Constitution of the United States and/or of this Commonwealth" is not cognizable under PCRA); **Commonwealth v. Lewis**, 718 A.2d 1262 (Pa. Super. 1998) (holding claim that life sentence imposed pursuant to second-degree murder statute violates minimum sentence requirements of sentencing code is not cognizable under PCRA).

However, to the extent Appellant claims that his sentence "fell outside of the legal parameters prescribed by the applicable statute," his claim would be cognizable under the PCRA. **Commonwealth v. Munday**, 78 A.3d 661, 664 (Pa. Super. 2014) (internal quotation marks and citations omitted).[4]

---

[4] As the **Munday** court explained:

The phrase 'illegal sentence' is a term of art in Pennsylvania Courts that is applied to three narrow categories of cases. Those categories are: "(1) claims that the sentence fell 'outside of the legal parameters prescribed by the applicable statute'; (2) claims involving merger/double jeopardy; and (3) claims implicating the rule in **Apprendi v. New Jersey**, 530 U.S. 466, [] (2000)."

**Id.** at 664. The latter two categories are not implicated here.

While it is not entirely clear exactly what Appellant is claiming, even assuming his claim is cognizable, it fails nonetheless. There is no merit to Appellant's claim that the statute for second-degree murder is void. He cites *Commonwealth v. McKenna*, 383 A.2d 174 (Pa. 1978) in support of this contention. However, the *McKenna* court addressed the constitutionality of the death penalty statute, which is not at issue here. Appellant was sentenced pursuant to the mandate of subsection 1102(b), which provides:

> **(b) Second degree.--**Except as provided under section 1102.1 [relating to sentence of persons under the age of 18], a person who has been convicted of murder of the second degree, of second degree murder of an unborn child or of second degree murder of a law enforcement officer shall be sentenced to a term of life imprisonment.

18 Pa.C.S § 1102(b). This Court has held that the sentence of life imprisonment under subsection 1102(b) is "nothing other than a mandatory minimum sentence which [does] not violate" the Sentencing Code. *Lewis*, 718 A.2d at 1265. Nor is there any conflict with section 9721 of the Sentencing Code, which provides:

> **(a)** **General rule.--**In determining the sentence to be imposed the court shall, **except as provided in subsection (a.1)**, consider and select one or more of the following alternatives, and may impose them consecutively or concurrently:
>
> (1) An order of probation.
>
> (2) A determination of guilt without further penalty.
>
> (3) Partial confinement.
>
> (4) Total confinement.

- 10 -

(5)  A fine.

(6)  County intermediate punishment.

(7)  State intermediate punishment.

42 Pa.C.S. § 9721 (emphasis added).  Subsection 9721(a.1) provides, in relevant part, "subsection (a) **shall not apply** where a mandatory minimum sentence is otherwise provided by law."  **Id.** § 9721(a.1)(1) (emphasis added).  Accordingly, Appellant's sentence does not fall "outside of the legal parameters prescribed" by the statute for second-degree murder and no relief is due.  **See Munday**, 78 A.3d at 664.

Based on the foregoing, we affirm the PCRA court's order dismissing Appellant's PCRA petition without a hearing.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/14/19